**John K. SHAMBURGER, Appellee,**

v.

**Shearn MOODY, Jr., Appellant,**

and

**Empire Life Insurance Company
of America.**

**John K. SHAMBURGER, Appellant,**

v.

**Shearn MOODY, Jr., Appellee,**

and

**Empire Life Insurance Company
of America.**

**John K. SHAMBURGER,**

v.

**Shearn MOODY, Jr., and Empire Life
Insurance Company of America,
Appellees,**

**Insuranceshares Corporation and First
National Bank in Little Rock,
Arkansas, Appellants.**

Nos. 20499, 20520, 20521.

United States Court of Appeals,
Eighth Circuit.

Feb. 24, 1971.

Rehearing Denied March 17, 1971.

John H. Haley, Rose, Barron, Nash, Williamson, Carroll & Clay, Little Rock, Ark., for John K. Shamburger.

Leon B. Catlett, Little Rock, Ark., A. R. Schwartz, Houston, Tex., Catlett & Henderson, Little Rock, Ark., for Shearn Moody, Jr.

Robert Shults, Edward Lester, Lester & Shults, Little Rock, Ark., for Insuranceshares Corporation and First Nat-Bank in Little Rock, Ark.

Before MATTHES, Chief Judge, CLARK, Associate Justice *, and BRIGHT, Circuit Judge.

PER CURIAM.

John K. Shamburger instituted this diversity action seeking actual and punitive damages for fraud and breach of a written contract against Shearn Moody, Jr., and Empire Life Insurance Company. Intervenors, the First National Bank in Little Rock, Arkansas, and Insuranceshares Corporation, claim separate interests in said contract as third-party beneficiaries. Upon trial without a jury, the district court awarded plaintiff compensatory damages in the sum of $102,660.30 against only Moody, plus interest. The district court, however, denied plaintiff any punitive damages and rejected intervenors' claims for relief. All parties separately appeal from the judgment.

Moody contends that plaintiff is entitled to no recovery, or at least a lesser one (appeal No. 20499); Shamburger cross-appeals, urging that the award is inadequate (appeal No. 20520); and the intervenors object to the trial court's denial of judgment in favor of each against Moody (appeal No. 20521).

The present controversy arises out of unsuccessful efforts by Moody to obtain control of Republic Investors Life Insurance Company, an Illinois insurance company, in which plaintiff Shamburger owned a substantial block of stock plus an option to require additional shares. Shamburger alleged that defendants agreed to acquire his stock interest in Republic and pay him a minimum consideration of $364,000; more if Moody succeeded in his efforts to wrest control of the latter company. Plaintiff further claimed he had performed his part of the bargain by withdrawing as director of Republic and actively assisting Moody in efforts to gain control of Republic. Moody defended on the basis that no contractual obligations existed between Shamburger and him.

The resolution of whether one or more contracts existed among or between any of the parties to the litigation, the construction or interpretation of any such agreement or agreements and the ascertainment of damages for breach of the principal agreement constitute issues of fact. The district court wrote a comprehensive memorandum opinion in which it set out the evidence, made detailed findings of fact and arrived at conclusions of law.

After giving careful consideration to the record, we conclude that Judge J. Smith Henley, who presided at the trial and heard the evidence, adequately discussed and appropriately disposed of all points now urged by the parties on this appeal. We adopt Judge Henley's opinion reported in 322 F.Supp. 196 (E.D. Ark.1970), and affirm the judgment entered in this case.

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by special designation.